```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ALICIA ANN RABENDA,                             :

                   Plaintiff,                   :    ORDER

          -against-                             :
                                                     15 Civ. 3449 (GWG)
CAROLYN W. COLVIN,
                                                :
                   Defendant.
-----------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Background

Plaintiff Alicia Ann Rabenda filed for social security benefits and her application was denied. See Complaint, filed May 1, 2015 (Docket # 1) ("Compl."), at ¶¶ 6-12. On May 1, 2015, Rabenda filed the instant complaint seeking review of the decision pursuant to 42 U.S.C. § 405(g). Compl. ¶ 1. After both parties moved for judgment on the pleadings, the case was remanded by stipulation. See Stipulation and Order, filed Apr. 27, 2016 (Docket # 23). Counsel was later awarded $4,200 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, see Stipulation and Order, filed May 31, 2016 (Docket # 25).

As a result of the remand, the Social Security Administration ("SSA") directed that Rabenda and her child were entitled to awards of past-due benefits. See Notice of Award, dated Feb. 19, 2018 (attached as Ex. C to the Affirmation of Charles E. Binder, filed Apr. 30, 2018 (Docket # 27) ("Binder Aff.")) ("Notice of Award"), at 1; Notice of Award for Monthly Child's Benefit, dated Feb. 16, 2018 (annexed as Ex. D to Binder Aff.) ("Notice of Child's Benefit Award"), at 1. The SSA withheld $14,231.75 of Rabenda's past-due benefits as possible attorney's fees. Notice of Award at 3 (withholding $12,174.50); Notice of Child's Benefit Award at 2 (withholding $2,057.25). We assume that this amount represents 25% of past-due benefits awarded to Rabenda and her child given that the law permits awarding a maximum of 25% of such benefits in attorney's fees, 42 U.S.C. § 406(b)(1)(A), and the Social Security Administration stated in the notice that it "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fees," Notice of Award at 3; see also Notice of Child's Benefit Award at 2 ("We cannot withhold more than 25 percent of past-due benefits to pay an authorized fee.").

Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent

of the total of the past-due benefits to which the claimant is entitled." See 42 U.S.C. § 406(b)(1)(A). Counsel seeks $14,231.75 for his work performed in the federal court proceedings based on the contingent fee agreement counsel made with Rabenda, which provides that Rabenda's attorney will receive 25% of any past-due benefits award. See U.S. District Court Retainer Agreement and Assignment, dated Apr. 21, 2015 (annexed as Ex. A to Binder Aff.), ¶ I. Contemporaneous time records show that counsel spent 22.9 hours in the federal court proceeding. See Itemization of Hours Re: Alicia Rabenda v. Commissioner of SSA, dated Aug. 2, 2015 through Mar. 24, 2016 (annexed as Ex. B to Binder Aff.).

Discussion

In its submission in response to the instant application, the Government raised the issue of whether the application is timely. See Letter from Kathryn Pollack, filed May 21, 2018 (Docket # 31), at 2-3. The Court does not find it necessary to determine whether it would follow the decision in Sinkler v. Berryhill, 2018 WL 1748346 (W.D.N.Y. Apr. 11, 2018), which held that 14-day deadline in Fed. R. Civ. P. 54(d)(2)(B)(i) applies to this application and runs from counsel's receipt of notification that an award had been issued by the Commissioner. Sinkler, 2018 WL 1748346, at *8. This is because counsel's delay in submitting the application was the result of excusable neglect within the meaning Fed. R. Civ. P. 6(b)(1)(B) in light of the fact that there was previously almost no case law in this Circuit on this issue. See generally Sorenson v. Wolfson, 683 F. App'x 33, 36 (2d Cir. 2017). We note that this argument as to excusable neglect may not be available to plaintiffs in the future given the Sinkler decision.

As to the merits of the application, this Court set forth the law governing such fee applications in the case of Blizzard v. Astrue, 496 F. Supp. 2d 320 (S.D.N.Y. 2007). Familiarity with that case is assumed. As explained in Blizzard, 496 F. Supp. 2d at 322, even when there is a contractual contingency fee arrangement, we consider the following factors in gauging the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

Here, the first two factors plainly weigh in favor of approving the fee request. Counsel wrote a detailed and extensive memorandum of law outlining cogent arguments for a remand. See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, filed Oct. 19, 2015 (Docket # 11). The briefing was effective in prompting the remand and achieved

2

the greatest possible success for the claimant. Thus, the award is in line with the character and results of the representation. Counsel did not engage in any delay of the proceedings that might have artificially increased past-due benefits and thus the potential attorney fee award.

With respect to the third factor — whether the award constitutes a "windfall" — Blizzard notes that courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

496 F. Supp. 2d at 323 (quoting Joslyn, 389 F. Supp. 2d at 456-57). Applying these factors here, they too weigh in favor of the fee request. Rabenda's counsel was particularly successful in that he achieved an award of benefits. Counsel submitted a detailed, non-boilerplate brief in support of Rabenda's case. The case was handled efficiently in that it was handled by an experienced law firm and the number of hours spent was entirely appropriate to the nature of the case.

Under Gisbrecht, a court must consider whether the claimant's past-due benefits are "large in comparison to the amount of time counsel spent on the case." 535 U.S. at 808. Here, counsel's request would result in compensation at an hourly rate of $621.47. Because a traditional "lodestar" analysis does not apply, we do not consider whether such a rate might be justified as part of that analysis. See Gisbrecht, 535 U.S. at 799-808. An important factor underlying our consideration of the fee sought by counsel here is the Court's belief that "[d]eference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" Joslyn, 389 F. Supp. 2d at 456 (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)). Inasmuch as statutory fee awards are available only for successful litigants, a contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure winners. As was stated by the Second Circuit, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. Thus, a reduction in the agreed-upon contingency amount should not be made lightly.

Here, we see no reason to reduce the amount provided in the contingent fee arrangement given counsel's skill, competence, and efficiency. In light of the fact that, as already discussed, the many factors for judging reasonableness identified by courts have been satisfied in this case, the fact that Rabenda's case was not a sure winner, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the award sought here is not so large in relation to the hours expended by counsel that it requires reduction. See generally Schiebel v. Colvin, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (citing cases

received pursuant to the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796 ("Fee awards may be made under both [the Equal Access to Justice Act and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (citation omitted).

Conclusion

The motion of plaintiff's counsel for attorney's fees (Docket # 26) is granted. It is hereby ordered that attorney's fees is granted in the amount of $14,231.75. Upon receipt of this sum, counsel for plaintiff shall refund the previously-awarded Equal Access to Justice Act fees of $4,200.00 directly to the plaintiff.

SO ORDERED.

Dated: June 28, 2018
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge